IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC RICE, | ) | No. C 12-3730 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| ERNESTO DIAZ, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against his trial counsel, a public defender. Plaintiff's motion to proceed in forma pauperis is granted in a separate order. For the reasons below, plaintiff's complaint is DISMISSED.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff claims that his public defender, Ernesto Diaz, violated plaintiff's unspecified constitutional rights by informing plaintiff's appellate counsel that plaintiff faked his mental illness; failing to inform plaintiff of plea offers; and breached his lawyer-client confidentiality duty. However, a public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative. Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Although it is an open question as to whether a public defender can ever be liable under § 1983 for "certain administrative and possibly investigative functions," plaintiff does not present that scenario. Thus, because a public defender, as a matter of law, is not a state actor, this action is DISMISSED for failure to state a claim.

IT IS SO ORDERED.

DATED: ␣␣␣␣␣␣␣␣␣␣

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ERIC D. RICE,

        Plaintiff,

  v.

ERNEST DIAZ et al,

        Defendant.

Case Number: CV12-03730 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Rice E45570
Post Office Box 290066
A2-125
Represa, CA 95671

Dated: October 12, 2012

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk